Case No. 15-1251, Gerd Topsnik, Appellant v. Cmsnr. of Internal Revenue Service Mr. Magnuson for the Appellant, Mrs. Sheehan for the Appellant Mrs. Sheehan for the Appellant Charles Magnuson May it please the Court, Charles Magnuson appearing on behalf of the Appellant, Gerd Topsnik The circumstances of this case I submit relate to a court ruling that Mr. Topsnik, being a German resident, is undisputed That the German Income Tax Treaty applies That the government published instructions to be used by non-resident aliens for determining the applicability of a tax treaty, when in this case, are German That the applicable instructions will be found in Publication 519 Section 63 of the Internal Revenue Code states that taxable income is meaning gross income minus itemized deductions or minus the standard deduction Section 61 defines that gross income is meaning all income from whatever source derived Section 871 provides that other than for capital gains, there may be a tax on non-resident alien But as a consequence, the gross income provisions do not apply to a non-resident alien In the incident case, Mr. Topsnik, being a non-resident alien, had no taxable income for the years 2004-2009 And as a consequence, there is no basis for imposition of penalties in this case Mr. Topsnik undertook the burden of demonstrating that he was a resident alien during each of the years 2004-2009 through a proven approach Initially, Mr. Topsnik's status as a non-resident alien was ruled to be sold by a court The court ruling came about due to governmental determination that supported by the filing of a plethora of documentation Mr. Topsnik was an individual who for many years had been a resident of Germany where he had a permanent home, available home As it happened in a related case, the task force confirmed that Mr. Topsnik was a German national and a German resident Secondly, Mr. Topsnik, being a German citizen and a resident, is not subject to the imposition of the United States source related income, tax liability by virtue of the applicability of the German tax treaty Did he report the income and file reports for the relevant years in Germany? Pardon me, Your Honor? Was there a reporting of the income for taxation purposes in Germany for the relevant years? When he filed a tax return, the government took the position that that was not the type of return that he ought to have filed, but he did file a return in Germany Reporting this income? He did not report this income, but I don't think that's the deciding factor I'm submitting to the court What part of the tax treaty do you rely on for the proposition that that's not a decisive factor? The basic proposition was that Article 13, Your Honor Where do we have that? Article 13 says Is the appendix to your brief? Yes, Your Honor. Page 13 Okay, I'm at it Gain is derived by a resident of a contracting state from the alienation of immovable property Referred to in Article 6, income from immovable real property and situated in the other contracting state may be taxed in that other state For the purpose of this article, the term immovable property situated in the other contracting state shall include immovable property referred to in Article 6 Income from immovable property, real property Gains from the alienation of immovable property for a part of the business property of a firm or establishment that an enterprise of a contracting state has in the other contracting state Or of immovable property pertaining to fixed base available to a resident of a contracting state in the other contracting state For the purpose of reporting independent personal service, including alienation Gains from the alienation So why don't you take us through that in terms of what's resident and what's the other state And the other contracting state To see how it applies to your client Pardon me, Your Honor Could you take us through that opening paragraph identifying how you read resident And then when we come to situated in the other contracting state and then taxed in the other state How does all that work out? So you're saying your client is a resident of Germany Correct, Your Honor Excuse me? Yes Okay And so let's say if he is a resident of Germany in terms of the tax treaty Then income from the alienation of immovable property situated in the other contracting state, that's the U.S. May be taxed in that other state Is that right? May be taxed in the state of residency I'm sorry, so the other state is the state of residency? Yes And his return did not reflect the gain, right? Suggesting that he did not think of himself as a resident of Germany within the meaning of that clause In Germany he did not Right So I'm at a loss to see how this helps you Well, I think, I have to admit that when he filed in Germany it may have been an incorrect return But that does not mean he did not file a return That's all I'm trying to tell you No, it does reflect on what state he viewed himself as a citizen of Well, he had a return prepared and filed in Germany I don't know what went on between Mr. Tosnik and his tax preparer in Germany I'm not a German tax attorney But he did file a return He was there, he claimed that he was He's always claimed that he was a resident of Germany Right, I guess the point is, based on the return that he did file Which yes, he filed a return, but he didn't File a return that reported this income as taxable in Germany If you take that return at face value then His stance would have been that the gains from this aren't taxable in either country Well, I submit, your honor, that It might have been a mistake That is a deciding factor I'm sorry What he filed in Germany is not a deciding factor I mean, it could have been Because in your view it was a mistake It's just like he did file a non-resident alien return in this country You agree that if he was a resident of the United States An alien resident Yes, your honor That the income that's in question should have been reported On his U.S. tax return If he was a U.S. resident Right Yes, indeed, your honor Okay, so what do you do with section 7701B1Ai On page 73-74 of the addendum in the government statement Well, your honor, I have attached That publication 519 to the brief And that 7701 Speaks to the green card or substantial presence in the United States And while those two standards may be used For treating him as a United States resident He, in fact, was not the United States resident Moreover He was lawfully admitted as a permanent resident during the tax years in question He had a green card, your honor The answer is yes Yes, he was allowed to come in But as pointed out by 519 In that schematic on page On page 5 of the Publication 519 The footnote 2 Says that despite having a green card A tax free may apply And moreover On page It was page 8 Of the Of the I think everyone agrees that the tax treaty Applies For Publication 519 It says that the rules given here to determine If you are a U.S. resident Do not override tax treaty definition of residency Which is consistent with That footnote That appears in the schematic I think then we're back to the question What is it in the treaty That you rely on for making him not a resident of the U.S.? Well then we go back to the treaty And we go to article 4 Which appears at page 12 of the Okay And Where is that? It's on page 12, your honor Of the Of the appendix to your brief Yeah And Article 4 residents So again, take us through How this works To turn Mr. Topsnitke to a resident of Germany I'm just not seeing words that help you It says For the purpose of the convention The term resident of a contracted state Means any person Who under the laws of that state Is liable to tax their income regionally Domicile, residence, place of management Place of incorporation Or any other criterion of similar nature Okay, just stop there Those first three lines They don't help you, right? Am I right on that? They Well, I think then you have to go Continue on Okay, sure But I just want to make sure that I haven't missed something on those first three lines And then it goes on to paragraph 2 That an individual is a resident Even if an individual is a resident Of both contracted states Each status shall be determined by If he has a permanent home available to him He shall be a resident of the state Which is personal and economic relations Well, I'm sorry But paragraph section 2 comes in After we've decided That he's a resident of both So we have to get there first So even if he is a resident of both Well, no I think that may be the beginning of your problem Is he a resident of both? Within the meaning of the treaty But he's not Okay I'm back to the question What is it that takes him out of residence in the United States? And they argue he's a resident of the United States Because of the applicability Of the Substantiation test And the green card But as we spoke earlier 519 says that the green card And the substantial residence test Does not apply where a treaty applies So even if he were looked upon As a resident of both It's where he has a home That is the deciding factor The technique goes on further And there's a tiebreaker That even if all of the factors are the same for both That's the country in which he is a national That's the deciding factor And Mr. Thapsin was a national born Resident of Germany Citizen of Germany Okay, thank you We'll hear from the government Okay, thank you, Your Honor Good morning, may it please the court I'm Anthony Sheehan, I represent the Commissioner of Internal Revenue We've been talking this morning about Publication 519 It is our position the tax court Applied the correct set of tests In determining that Mr. Thapsin For purposes of taxation on his gourmet foods income Was a resident of the United States And not a resident of Germany The first question would be Whether Mr. Thapsin was taxable By the United States on this income The answer to that is yes He had a green card He was a lawful permanent resident of the United States He passed that independent test under section 7701 The three tests for residents are independent And he maintained this green card throughout The entire time at issue Did not surrender it until afterwards The next year in 2010 The next question to be asked Is whether Mr. Thapsin Was a resident of Germany That's where the treaty comes in To determine whether he was a resident of Germany As part of this The Internal Revenue Service Through the competent authority Made inquiries, official inquiries Of the German government And received a response from the German government That he was registered in Germany As a limited liability taxpayer Taxable only on his German source income That at the time of the At the time of the response He had not yet even filed the returns For that status They had no record of filing a return At the time the German government made his response Apparently he filed a return later But did not report this income And that the German government Did not consider Mr. Thapsin taxable On the gourmet foods income At that point He was a resident of the United States For tax purposes of this income He was not a resident of Germany The tiebreaker rules do not come into play And the case would end right there I'd like to make a brief comment about Article 13 Article 13 deals with immovable real property The parties in this case agreed That this was a sale of stock And it's intangible property Based on Taxable based on the country of residence Which I just covered But if we were to consider this to be real property And if we were to consider arguendo Mr. Thapsin to be a resident of Germany This was a California corporation This property would have been situated in the United States So even if Mr. Thapsin If we're going into Article 13 And even if Mr. Thapsin were a German resident And again we maintain he's not Since it's the property situated in the United States It would be taxable by the United States Other than that That pretty much covers the case And if there are no questions The government is willing to rest on its brief Thank you counsel Thank you Did Mr. Magnuson have any time left? Well why don't we give you one minute Just if you have anything to add The district court Made a determination That Mr. Thapsin Was It was Undisputed That Mr. Thapsin was a resident Of the United States I mean of Germany In 2011 In 2011 Well your honor The court said undisputed And it based its ruling Upon a Motion to dismiss That contained over 100 pages of documents Those documents Went back to the years 1994 And It was a pivotal thing that happened in 20 Pardon me your honor It was a pivotal thing that happened in 2010 The extinction of his green card rights Well No we're talking about Residency Residency was based on A total Set of circumstances You can't just look at You know It's like more In talking about relevancy When you're dealing with a wall A brick wall You just can't look at one brick You have to look at all of the bricks In their entirety To determine whether there is a wall Section 7701B6 Pardon me your honor Is the brick Section 7701B6 Is the brick That you're looking at Well I disagree your honor Because Depends what a How you What residency No your honor The Publication of 519 Explains that 7701 does not apply Where the treaty is involved And the treaty does not deal  Thank you counsel the case is submitted
judges: Srinivasan, Williams, Randolph